## BURROWS *v.* GOODHUE.

The rule of practice which prohibits the attorney of a party in a case to act as commissioner in taking depositions under a *dedimus,* or to write down the testimony of a witness to be used on the trial of a cause, does not apply when the attorney is himself the witness, and reduces his own evidence to writing.

It is proper for a witness to write his own deposition, and swear to it before the commissioner duly authorized.

Statements made, not under oath, by a witness relative to the subject matter in controversy, may be admitted on the trial to discredit his testimony ; but if such contradictory statements are not supported by other proof, they must yield to his evidence given under oath upon the trial of the cause.

Where a lost promissory note, which was made payable to bearer, is the ground of an action in chancery ; to enable the complainant to recover, he must indemnify the defendant by bond and security against all claims on the note. Such indemnity may be required by decree of the court, and the complainant authorized to recover on compliance therewith, and on payment of costs.

Burrows *v.* Goodhue.

APPEAL IN CHANCERY, *to Scott District Court.*

*E. Cook,* for the appellant.

*G. C. R. Mitchell,* for the respondent.

*Opinion by* WILLIAMS, C. J.   Charles T. H. Goodhue filed his bill of complaint against John M. D. Burrows, in the district court of Scott county.  In which he sets forth, that the defendant Burrows, on the 20th day of September, A. D. 1841, made his promissory note in writing payable to one Tyrus H. Downer, or bearer, for the sum of three hundred dollars.   That said note was payable one year after date.   That the note was given to secure money in part payment of the price of a keel boat, purchased by the said Burrows from Downer.   That about the first of January, 1842, and before the note became due, it was sold and transferred by Downer to Goodhue, the plaintiff, who thereby became the *bona fide* owner of the note, and entitled to the money therein called for, according to the terms thereof.   That the money called for by said note, or any part thereof, had not been paid.   That the appointed time for the payment of the money in accordance with the term of said note had elapsed, and therefore his right had accrued to demand the payment thereof.   That he had requested the payment of the principal and interest due thereon of said Burrows, but that he had refused to pay it, alleging various pretences for so refusing.   The bill farther alleges, that after the transfer of the said promissory note by the said Downer to Goodhue, the note was lost by some means, and that it could not be found after diligent search and inquiry.   That the plaintiff, Goodhue, had offered, by bond and security, to indemnify the defendant, Burrows, against any claim or demand which might be made by any other person than himself on account of the note and money due thereon, if he would pay it to him, which was refused.

The bill then proceeds to pray, in the usual form, for such

4

Burrows *v.* Goodhue.

full and ample relief, in equity, by decree of the court, as, under the circumstances of the case, might be deemed just and proper.

The answer of the defendant, Burrows, admits most of the material averments contained in the bill, but questions the right of Goodhue to the promissory note, and the money due thereon. It also avers that the defendant has been, at all times, since the maturity of the note, and was, at the time of the making of the answer, ready and willing to pay the money properly due thereon, if he were fully indemnified and kept harmless against the note, as it could not be delivered up to him on payment.

Depositions of several witnesses were taken in accordance with the provisions of law, and produced on the trial. Among which was that of David Noggle, an attorney at law, into whose hands the note in question had been placed by Goodhue for collection before its loss; who proved the loss of the note, and the precise terms *in hæc verbæ* in which the note was drawn; together with the admissions of the defendant, Burrows, by which the consideration and justice of the indebtedness by virtue of the note were fully acknowledged. The ownership of the note, *bona fide,* is clearly established by the testimony of several witnesses to be in the plaintiff, Goodhue. The evidence also proved that Burrows, on several occasions, when requested to pay the money called for by the lost note, offered to discharge the indebtedness by paying it off in property; but the property was refused on account of the high price asked by him for it. The court below, upon trial, entered a decree for the plaintiff for the principal and interest due and the costs of the suit. From this judgment of the district court an appeal was taken by the respondent.

The counsel for the respondent, to reverse the decree of the district court, relies upon the following suggestions of error:—

1. The deposition of Noggle should have been rejected by the court, because it was written by himself, he being the attorney of Goodhue, the plaintiff in the action.

Burrows *v.* Goodhue.

2. The testimony of Noggle, the witness, as contained in his deposition, is not reconcilable with the statements made by him in his letters addressed to the respondent and his counsel, which, by consent, were adduced in evidence on the trial, touching matters material to the issue between the parties. It, therefore, ought to be rejected.

3. The plaintiff, before bringing his action on the lost note, it being payable to bearer, should have tendered to Burrows, the defendant, a good bond of indemnity, with sufficient security, to save him harmless against farther liability on account of the note.

As to the first point made by counsel for the defendant: it is true that the statute of Iowa has been so construed by the courts, as to prohibit the attorney of a party, when engaged as such in the case of his client, from acting as the commissioner, or scrivener, in writing down the testimony of a witness, taken by virtue of a *dedimus*. And, on the establishment of that fact, such testimony would be rejected on the trial. The propriety of this rule is apparent. A strict enforcement of it must tend to the preservation of the integrity and dignity of the bar, and prevent imposition upon the witness, and injustice to parties interested. The true principle here enjoined, is to assign the taking of the deposition to a commissioner, capable, honest, and entirely free from any interest whatever concerning the case. The writing of the testimony is a very material part of the taking of the deposition; and, in committing the evidence to the paper, the language of the witness should be strictly observed and adhered to by the commissioner, otherwise it will not be his testimony, when taken. We fully recognize the virtue of this rule. But what is the fact in this particular case? Noggle, the attorney of the plaintiff, into whose hands the note sued was put for collection, in an extraordinary manner, owing to the loss of the note, becomes the principal and most important witness in the case, for the plaintiff. Being cognizant of the facts necessary to enable the plaintiff to make manifest his right to recover the money due on the note from the defendant,

he is called on as a witness, to testify before the commissioner, by virtue of the power vested in him by the *dedimus*. Having been summoned to testify, he appeared before the commissioner, and committed his own evidence in answer to the interrogatories propounded by the parties, in writing, in due form of law. All which has been properly certified by the commissioner, as appears by the return. This is, then, the case of the witness himself, writing his own testimony, in his own language, expressive of ideas, making up a statement of facts relative to the matter in controversy between the parties to the suit, all of which is verified by his oath. All responsibility, moral and legal, arising from the facts deposed, is thus fully and fairly thrown, where it ought to be, upon the witness himself. The rule here introduced to sustain the objection made by defendant's counsel, to this part of the proceeding in the case, certainly cannot with propriety be applied to the facts as they are shown to exist. The witness being capable, and before the person empowered by law to take the testimony, may write his own deposition. Indeed, by so doing, the whole, in form and substance, becomes most properly his own testimony. When called to testify in the case, Noggle was the witness, and not the attorney. He could not be the witness testifying, and the attorney writing out the testimony, at the same time.

The second point made by the defendant's counsel is based upon alleged contradictions in the statements made by Noggle, the witness. The statements which are thus held as contradictory are contained in his deposition, and presented to the court, in letters addressed by him when acting as the attorney of Goodhue, the plaintiff, to defendants, and made part of the evidence in the case. We have examined these letters, in connection with his deposition. It is true, that without being very explicit, as to the right of others than Goodhue to a portion of the money due upon the note, he speaks in those letters of the manner in which the proportions of, and to whom this money, when collected, was to be paid. But his letters do not show that the entire interest in, and ownership of the note, or

any part thereof, was in any other than Goodhue; whilst in his deposition he clearly explains the whole transaction as between Goodhue and others, showing that he alone could properly bring the suit, and maintain it. Fencher in his deposition states, positively, that Goodhue is the sole owner of the note. His statements, made under oath, are also supported by the testimony of the other witnesses. However, as suggested by the defendant's counsel, the facts presented by the letters were irreconcilable with those contained in the deposition, in matter material to the issue between the parties; still, we could not, legitimately, and in accordance with the principles of evidence, disregard the evidence in the deposition. The letters do not contain the statements of the witness, made with the sanction of an oath, legally administered. The deposition is made up of statements taken under all the solemnities of moral and legal responsibility. Although statements made by a witness, when not under oath, may be admissible on trial, to impeach the testimony of a witness given on oath, about the same subject matter; still, in the absence of any other evidence, direct or circumstantial, to sustain such statements, they would be disregarded; and the testimony taken under legal provision, sanctioned by oath, must prevail in deciding the case. In this case, however, if the discrepancy contended for by defendant's counsel existed, the deposition of the witness is supported by other testimony; whilst the construction attempted to be put upon the letters is entirely explained away and destroyed. We think that the letters and the depositions are not materially contradictory, and if they were, as the case stands, the court would be governed in adjudicating this case by the facts stated under oath.

The third, and last point on which counsel for the defendant relies, we think does not preclude a recovery of the plaintiff here, in accordance with the principles of sound equity. It is true that he did not, until entering of the decree in the court below, tender, or deliver, to the defendant, Burrows, a good and sufficient bond, to indemnify him against future liability and loss, on account of the note falling into other hands.

But as the record shows, that, in accordance with the terms of that decree, such a bond has been filed in the district court, we are of the opinion that the plaintiff is entitled to recover from the defendant the amount of the note, as proved and set forth in the bill of complaint filed in this case, together with interest thereon, at the rate of six per centum per annum; and that a decree in terms be entered therefor. It is farther the opinion of the court, that the plaintiff, Charles F. H. Goodhue, having failed to execute and deliver to the defendant a good and sufficient bond of indemnity, until the entering of the decree in the court below, shall pay the costs of this suit up to the time of the making and entering of the decree.

The decree of the court below is therefore affirmed at the costs of the plaintiff.

Decree affirmed.